**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SIGMA-ALDRICH, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:06-CV-754 CAS |
| ) | |
| OPEN BIOSYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' Motion to Preclude Defendant Open Biosystems, Inc.'s Fact and Expert Witnesses at the Claims Construction Hearing. In the alternative, plaintiffs ask the Court to award them their attorneys' fees and costs associated with drafting their Preliminary Claim Constructions. Defendant opposes the motion and it is fully briefed.[1] For the following reasons, the Court will deny the motion in all respects.

**Background**.

This is an action alleging patent infringement of two patents, U.S. Patent No. 6,924,123 ("the '123 patent"), titled "Lentiviral LTR-deleted Vector," and U.S. Patent No. 7,056,699 ("the '699 patent"), also titled "Lentiviral LTR-deleted Vector".

The instant motion concerns the proper interpretation and application of Rule 4-2(b) of this Court's Patent Rules. Patent Rule 4-2(b) states:

> (b) At the same time the parties exchange their respective "Preliminary Claim Constructions," they shall each also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned

---

[1] Defendant's opposition memorandum was timely filed for the reasons stated in defendant's Sur-Reply [Doc. 39].

> treatises and prior art, and testimony of fact and expert witnesses they contend support their respective claim constructions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, fact or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

Patent Rule 4-2(b).

Plaintiffs assert that defendant failed to comply with Rule 4-2(b) in its Preliminary Claim Constructions as exchanged by the parties on December 20, 2006, because defendant did not disclose any fact or expert witnesses to support its claim constructions. Plaintiffs contend that by failing to provide the identity of any proposed witnesses and a brief description of proposed witness testimony, defendant defeated the purpose of Rule 4-2(b) and provided itself with the unfair advantage of being able to investigate plaintiffs' proposed witnesses and modify its initial claims construction and seek witnesses to directly controvert plaintiffs' witnesses.

Plaintiffs ask the Court to preclude defendant from using any witnesses, fact or expert, at the claim construction hearing in this case. In the alternative, plaintiffs ask the Court to award them their attorney's fees and costs expended in drafting their Preliminary Claim Constructions.

Defendant responds that plaintiffs' motion is based on a "misguided" reading of the Patent Rules and is meritless. Defendant states that on December 20, 2006, it provided to plaintiffs all of the extrinsic evidence which it contended supported its *preliminary* claim construction, consisting of the specification and related file histories of the two patents at issue, and dictionary definitions. Defendant did not contend that the testimony of any fact or expert witness was necessary to support its preliminary claim constructions, and asserts that a party cannot be in violation of Rule 4-2(b) by failing to identify a witness that is not necessary or does not yet exist.

Defendant states that the claim construction hearing is not scheduled for over four months after plaintiffs' motion was filed, and before that date, both sides have the opportunity to provide additional disclosures under Patent Rule 4-3(b).[2] Defendant asserts that if it determines fact or expert testimony is necessary to rebut plaintiffs' proposed claim constructions and to support its final claim constructions, it is permitted under Patent Rule 4-3 to identify a fact or expert witness for this purpose and to provide a detailed description of the fact and/or expert's testimony in the Joint Claim Construction and Preliminary Statement. Defendant asserts that plaintiffs will have ample time to respond to that disclosure and will suffer no prejudice, as they can take the depositions of any such witnesses in the intervening months.

Defendant states that plaintiffs' request for fees associated with the drafting of their own preliminary claim constructions is without merit because (1) defendant fully complied with Patent Rule 4-2 and plaintiffs have suffered no prejudice, and (2) plaintiffs' drafting of their own preliminary claim constructions was required under the Court's Case Management Order and had no connection to defendant's actions with respect to Patent Rule 4-2. Defendant asserts that there is no basis in law or fact to award plaintiffs their attorneys' fees for preparation of their own preliminary claim constructions, which they were required to do by Court order.

Defendant contends that plaintiffs' motion is, in essence, an attempt to strip defendant of its opportunity to name fact and expert witnesses for rebuttal of plaintiffs' proposed claim constructions. Defendant states that Patent Rule 4-3(b) specifically provides for the disclosure of fact and expert witness testimony to support its proposed claim construction "or to oppose any other party's

---

[2]After the instant motions were briefed, the Court granted the parties' joint motion to modify the Case Management Order. The Claim Construction hearing is now set for August 21, 2007. See Order Amending Case Management Order dated April 17, 2007 [Doc. 67].

3

proposed construction of the claim," and contends that the Rule does not state that a party must submit the same evidence as previously exchanged.

**Discussion**.

Patent Rule 4-3 provides in pertinent part,

> Not later than 60 days after service of the "Preliminary Invalidity Contentions," the parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:
>
> . . . .
>
> (b) Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history which support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of fact and expert witnesses;
>
> . . . .
>
> (d) Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert[.]

Patent Rule 4-3(b), (d).

The Court agrees with defendant's interpretation of Patent Rules 4-2(b) and 4-3(b). Defendant is correct that Patent Rule 4-3(b) specifically provides for the disclosure of fact and expert witness testimony to support a party's proposed claim construction "or to oppose any other party's proposed construction of the claim," and thus contemplates the naming of rebuttal experts after the initial disclosure of the opposing party's expert witnesses. The Rule does not state that a party must

submit the same evidence in the Joint Claim Construction and Prehearing Statement as previously exchanged in the Preliminary Claim Constructions.

Patent Rule 4-2(b) requires that the parties provide a "preliminary identification of extrinsic evidence . . . and testimony of fact and expert witnesses they contend support their respective claim constructions." The Rule does not say that the parties are bound by or limited to the preliminary identification they make under Patent Rule 4-2. In fact, Patent Rule 4-3(d) contemplates further witness identification by requiring "for each expert, a summary of each opinion to be offered <u>to permit a meaningful deposition of that expert</u>." (Emphasis added).

This flexibility is necessary because although the parties may not ultimately agree to final definitions of claim terms, a party's claim term constructions may be modified by the discussions between the parties required by the Patent Rules. Additionally, a party may not be able to decide on the use of a fact or expert witness until it knows the other party's claim construction proposals and extrinsic evidence and what terms may be agreeable to all parties.[3] Thus, plaintiffs' proposal that defendant be prohibited from using any fact or expert witnesses at the claim construction hearing because it did not disclose any such witnesses in its preliminary claim constructions is contrary to the plain language of this Court's Patent Rules. The Patent Rules are meant to facilitate full and just adjudication of claim construction issues, which purpose is not served by the plaintiffs' interpretation of Rule 4-2(b).

---

[3]The Court notes that defendant disclosed one fact/expert witness in the Joint Claim Construction and Pre-Hearing Statement filed on January 19, 2007, Dr. Tal Kafri, who will testify in support of defendant's proposed claim constructions and that plaintiffs' proposed claim constructions, to the extent they differ from those of the defendant, are not consistent with his understanding of the terms as used in the '123 and '699 patents.

**Conclusion**.

For the foregoing reasons, the Court finds that defendant did not violate the Court's Patent Rules, and concludes that plaintiffs' motion to preclude defendant from using fact or expert witnesses at the claim construction hearing should be denied. Plaintiffs' alternative request for their attorneys' fees incurred in preparing their preliminary claim constructions should also be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Preclude Defendant Open Biosystems, Inc.'s Fact and Expert Witnesses at the Claim Construction Hearing is **DENIED** in all respects. [Doc. 30]

                                              **CHARLES A. SHAW**
                                              **UNITED STATES DISTRICT JUDGE**

Dated this  19th  day of June, 2007.