UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIGMA-ALDRICH, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:06-CV-754 CAS |
| ) | |
| OPEN BIOSYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Open Biosystems, Inc.'s ("Open") Rule 56(f) Motion, or in the alternative, Motion for Extension of Time in Which to Respond to Plaintiff's Motion for Partial Summary Judgment. Plaintiffs Sigma-Aldrich, Inc. and Oxford Biomedica (UK) Ltd. (collectively "plaintiffs") oppose the motion and it is now fully briefed.

As a threshold matter, the parties agree that plaintiffs' motion for summary judgment was hand-delivered to defendant Open on January 30, 2008, and that under the Eastern District Local Rule 4.01(B), Open's response is due on February 19, 2008. The parties apparently overlooked that the Case Management Order governing this case provides a thirty-day period for responding to a dispositive motion. See Order Setting Rule 16 Scheduling Conference at 3 (Doc. 20); Case Management Order at 4 (Doc. 23). Apart from establishing dates that allow thirty days for a response, the Case Management Order specifically states, "Motions for extensions of time to file opposition memoranda will not be granted absent a showing of good cause, because the thirty-day period for filing the same is longer than the period allowed by Local Rule 4.01." None of the amendments to the Case Management Order have altered this time period for response. See, e.g., Amended Case Management Order at 3 (Doc. 67); Third Order Amending Case Management Order

at 2 (Doc. 143). As the Court already informally notified the parties, Open's response to the summary judgment motion is due on February 29, 2008.

The Court must still address the merits of Open's motion, because Open asks that it be granted until March 21, 2008 to file its response to the motion for partial summary judgment of literal infringement on Claims 8 and 9 of the U.S. Patent No. 7.056,699 B2 ("the '699 Patent"). In support of its request, Open asserts that its response is due before the dates of five depositions which are critical to the literal infringement issues raised in plaintiffs' motion--these being the corporate designees of plaintiffs; Sigma's designated expert on infringement, Dr. Cullen; and the two inventors of the patents in suit--and that it cannot fully prepare its response prior to these depositions.

Rule 56(f) of the Federal Rules of Civil Procedure states:

**When Affidavits are Unavailable**. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The Federal Circuit reviews rulings on Rule 56(f) motions under the law of the applicable regional circuit. Exigent Technology, Inc. v. Atrana Solutions, Inc., 442 F.3d 1301, 1310 (Fed. Cir. 2006). The Eighth Circuit has recently explained that "[t]o obtain a continuance under Rule 56(f), the movant must show 'good reason for being unable to present facts essential to its response.'" Elnashar v. Speedway SuperAmerica, LLC, 484 F.3d 1046, 1054 (8th Cir. 2007) (quoting Alexander v. Pathfinder, Inc., 189 F.3d 735, 744 (8th Cir. 1999)). A party invoking the protection of Rule 56(f) must affirmatively demonstrate why he cannot respond to the motion, and how postponement of a ruling will enable him to rebut the movant's showing of the absence of a genuine issue of fact. Roark v. City of Hazen, Ark., 189 F.3d 758, 762 (8th Cir. 1999). Although adequate time must be provided

for discovery, Rule 56 does not require the completion of all discovery before a court may properly grant summary judgment. Dulany v. Carnahan, 132 F.3d1234, 1238 (8th Cir. 1997). When a party seeks postponement of a summary judgment decision, the party must "file an affidavit with the trial court to show what specific facts further discovery might unveil." Id. In order to be protected by Rule 56(f), "a party must articulate what additional discovery is necessary and how it is relevant to the opposition of the pending motion for summary judgment." Allen v. Bridgestone/Firestone, Inc., 81 F.3d 793, 797 (8th Cir. 1996).

Open asserts the following as the specific facts that further discovery might disclose from the deposition of Dr. Cullen:

> the technical grounds for Sigma's contention of infringement; technical distinctions between each of Open's accused products and the claim as construed by this Court; an assessment of the lentiviral vectors actually reduced to practice by the inventors of the patents in suit and licensed under those patents; and cross-examination regarding the facts and opinions in Dr. Cullen's Declaration in support of Sigma's Motion and Dr. Cullen's expert report on infringement.

Open's Mem. Supp. Rule 56(f) Mot. at 3; Janoski Decl., ¶ 7.

Open asserts that the depositions of plaintiffs' corporate designees and the inventors are expected to reveal the following facts:

> the factual bases of Plaintiffs' contentions of infringement for each of Open's accused products; cross-examination on Plaintiffs' Final Infringement Contentions; the technical aspects of Sigma's products covered by the patents in suit, which may further reflect Sigma's perceived scope of those patents; the inventors' goals regarding and reduction to practice of the patents in suit; and Oxford's licensing of the patents in suit, which may further reflect Oxford's perceived scope of those patents.

Open's Mem. Supp. Rule 56(f) Mot. at 4; Janoski Decl., ¶¶ 9-10.

Finally, Open asserts that the depositions of the inventors are expected to reveal "the inventors' technical understanding of each of Open's accused products and how they allegedly infringe; the inventors' development and reduction to practice of the underlying invention; and the inventors' experimentation (and any success) related to the underlying invention." Open's Mem. Supp. Rule 56(f) Mot. at 5; Janoski Decl., ¶ 11.

Plaintiffs respond that Open has no need to take further discovery from plaintiffs to explain why its own products do not infringe Claims 8 and 9 of the '699 Patent, as plaintiffs have already explained the factual basis for their contentions of infringement in the summary judgment motion, and the scope of the patents is controlled by the Court's definitions in the Order on Claim Construction of October 24, 2007 (Doc. 128). Plaintiffs assert that Open is in control of all relevant factors about its own accused vectors, and that to oppose the summary judgment motion it must explain why its products do not fall within Claims 8 and 9 as defined by the Court.

To prevail on their motion for partial summary judgment, plaintiffs must show that the limitations of Claims 8 and 9, as defined by the Court, are present in Open's accused vectors. See Research Plastics, Inc. v. Federal Packaging Corp., 421 F.3d 1290, 1297-98 (Fed. Cir. 2005) ("Literal infringement requires that the accused device embody each limitation of the asserted claim."). Plaintiffs have moved for partial summary judgment on a narrow issue: whether Open's accused vectors literally infringe Claims 8 and 9 of the '699 Patent. These claim the following:

8. A lentiviral LTR-deleted vector.

9. The lentiviral LTR-deleted vector according to claim 8, further comprising a nucleotide sequence of interest.

See Ex. A to Pls.' Mot. for Partial Summ. J. (Doc. 161-2).

4

To resolve the summary judgment motion, the Court must determine if there is any genuine issue of material fact about whether the accused vectors meet these limitations, and therefore whether they literally infringe. The Court defined Claim 8 of the '699 Patent in its Order on Claim Construction as follows:

> The term "lentiviral LTR-deleted vector" or "LLD vector" is construed to mean "a replication-defective vector based on a lentivirus in which (a) one or more LTR nucleotide sequences from the lentivirus, including at least one such nucleotide sequence that is involved in transcription, are not present, and (b) lentiviral LTR nucleotide sequences necessary for reverse transcription and integration are present."

Order on Claim Construction at 1-2 (Doc. 128).

In the motion for partial summary judgment, plaintiffs attempt to establish that Open's accused vectors contain each of these elements. If plaintiffs succeed in doing so, to avoid summary judgment Open must create a genuine issue of material fact about whether its products are "lentiviral LTR-deleted vectors," as the Court has construed this term. As set forth above, Open is asking for further discovery from plaintiffs about whether Open's own products infringe, not about products that are in plaintiffs' exclusive control.

The Court agrees with Open that Dr. Cullen's deposition appears relevant to the formulation of its response, given that plaintiffs' summary judgment motion relies heavily on the ten-page, highly technical Declaration of Dr. Cullen. Open's response is not due until at least seven days after Dr. Cullen's deposition, however, and therefore Open will have the benefit of that deposition in responding to the summary judgment motion.[1] As a result, the Court does not address the parties'

---

[1] Open's Rule 56(f) motion and the Mr. Janoski's Declaration state that Dr. Cullen's deposition is scheduled for February 22, 2008. In contrast, Open's reply memorandum states that the Cullen deposition is scheduled for January 21, 2008. The subpoena attached to the reply sets the date of the deposition as February 21, 2008. See Reply at 2. The Court assumes the January reference is erroneous, and that the Cullen deposition is set for either February 21 or 22, 2008.

arguments related to Dr. Cullen's testimony, and addresses only those concerning the four fact witnesses.

Open asserts that it must take the depositions of the fact witnesses before it can respond to the summary judgment motion in order to determine the plaintiffs' "positions of infringement." The Court disagrees. Plaintiffs' positions of infringement are set forth in the summary judgment motion and plaintiff's infringement contentions, and Open may present contrary evidence or arguments.

Open also seeks additional discovery from plaintiffs' fact witnesses about how they construe the language of the claims and licensing of the patents in suit (e.g., "Oxford's perceived scope of those patents"). The Court has interpreted the claims as a matter of law, and the "perceived scope" of the claims by fact witnesses is irrelevant to whether Open's products actually infringe the '699 Patent under the Court's constructions.

Open fails to state what specific facts it will discover from the fact witnesses on "cross-examination on Plaintiffs' Final Infringement Contentions," "the inventors' goals regarding and reduction to practice of the patents in suit," "the inventors' technical understanding of each of Open's accused products and how they allegedly infringe; the inventors' development and reduction to practice of the underlying invention; and the inventors' experimentation (and any success) related to the underlying invention." Open also fails to state how these unspecified facts would be relevant to opposing the motion for partial summary judgment. The Court therefore finds that Open has failed to meet its burden to establish why it cannot respond to the motion, and how postponement of a ruling will enable it to rebut the plaintiffs' showing of the absence of a genuine issue of fact. See Roark, 189 F.3d at 762.

For these reasons, the Court will deny Open's motion under Rule 56(f). The Court will grant in part Open's alternative motion for an extension of time. Open will be granted an additional seven (7) days, to March 7, 2008, to file its response to plaintiffs' motion for partial summary judgment. This extension of time will permit Open to review and analyze the transcript of Dr. Cullen's deposition for use in the preparation of its response.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Open Biosystems, Inc.'s Rule 56(f) Motion is **DENIED**. [Doc. 169]

**IT IS FURTHER ORDERED** that defendant Open Biosystems, Inc.'s alternative Motion for Extension of Time in Which to Respond to Plaintiff's Motion for Partial Summary Judgment is **GRANTED** to the extent that Open shall file its response to plaintiff's motion for partial summary judgment by **March 7, 2008**.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  19th  day of February, 2008.